Patricia Rose Lynch, Esq. (PL-8436)
Sacco & Fillas, LLP
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
Tel: 718-269-2240
Email : Plynch@saccofillas.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IOANNIS LALOUSIS, on behalf of himself and all other persons similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>SIRAB IMPORTS, INC., NIKOLAOS BOBORIS<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>FLSA COLLECTIVE ACTION |

Plaintiff IOANNIS LALOUSIS (hereinafter "Lalousis"), by and through his undersigned attorneys, on behalf of himself and all other personal similarly situated, for his complaint against SIROB IMPORTS, INC. ("Sirob"), and NIKOLAOS BOBORIS ("Boboris") (collectively "Defendants"), alleges as follows, on behalf of himself and all other persons similarly situated.

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Mr. Lalousis's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Mr. Lalousis'. claims under the FLSA pursuant to 29 U.S.C. § 216(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

## NATURE OF THE ACTION

3. Plaintiff Ioannis Lalousis alleges on behalf of himself and on behalf of other similarly situated current and former employees of Defendants, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

4. Mr. Lalousis further complains that he is entitled to (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) compensation for defendants' violations of the "spread of hours" requirements of New York Labor Law; (iv) liquidated damages pursuant to New York Labor Law for these violations; and (v) statutory damages for defendants' violation of the Wage Theft Prevention Act.

## THE PARTIES

5. Plaintiff Ioannis Lalousis is a New York resident and was employed by Defendants as a driver/delivery person.

6. Upon information and belief, defendant Sirob Imports, Inc. is a New York corporation with a principal place of business at 221 Gear Avenue, Lindenhurst, New York, 11757

7. At relevant times, Sirob has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 207(a).

8. Upon information and belief, at all relevant times, Sirob has had gross revenues in excess of $500,000.00.

9. Upon information and belief, at all relevant times herein, Sirob has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

10. Upon information and belief, defendant Nikolaos Boboris is a New York resident and an owner or part owner and principal of Defendants. Boboris has the power to hire and fire employees, set wages and schedules, and maintain records.

11. Defendants constituted "employers" of Mr. Lalousis as that term is used in the Fair Labor Standards Act and New York Labor Law.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Pursuant to 29 U.S.C. § 206 and § 207, Mr. Lalousis seeks to prosecute his FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by defendants in the United States at any time since July 19, 2016, to the entry of judgment in this case (the "Collective Action Period"), who were restaurant employees, and who were not paid statutory minimum wages and/or overtime compensation at rates at least one-

and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

13. The Collective Action Members are similarly situated to Mr. Lalousis in that they were employed by Defendants as non-exempt store employees, and were denied payment at the statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

14. They are further similarly situated in that Defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

15. Mr. Lalousis and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by Defendants.

16. The exact number of such individuals is presently unknown, but is known by Defendants and can be ascertained through appropriate discovery.

## FACTS

17. Defendants committed the following acts knowingly and willfully.

18. At all relevant time herein, defendants owned and operated an import/export business for food products.

19. Mr. Lalousis was employed by Defendants from approximately March 9, 2018 through April 10, 2020.

20. Mr. Lalousis was employed as a driver.

21. At all relevant times herein, Mr. Lalousis was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

22. Mr. Lalousis' schedule varied from week to week, but generally he worked five (5) days a week for fourteen (14) hours per day.

23. Plaintiff regularly worked more than forty (40) hours per week during his employment with Defendants, but did not receive any overtime pay for those hours nor was he paid time and one half his regular rate.

24. Plaintiff regularly worked more than ten (10) hours per day during his employment with Defendants, but did not receive spread-of-hours pay for those days.

25. Plaintiff was paid $725.00 per week throughout the entire course of his employment, regardless of the number of hours he worked in a shift, day, or week.

26. Defendants never provided Mr. Lalousis with any notices or information regarding the "wage and employment".

27. Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

28. Mr. Lalousis was paid partially by check and partially by cash throughout his employment, and he received no paystubs or wage statements of any sort with his cash pay.

29. In addition, defendants failed to pay Mr. Lalousis any overtime "bonus" for hours worked beyond 40 hours workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

30. Defendants' failure to pay Mr. Lalousis the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

31. Mr. Lalousis regularly worked in excess of ten hours from start to finish in a day, and yet defendants willfully failed to pay him a "spread of hours" premium on days

when they worked shifts lasting in excess of ten hours from start to finish, in violation of the New York Labor Law and the supporting New York State Department of Labor regulations.

32. Defendants failed to provide Mr. Lalousis with a written notice providing the information required by the Wage Theft Prevention Act – including, inter alia, Defendants' contact information, his regular and overtime rates, and intended allowances claimed – and failed to obtain his signature acknowledging the same, upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act.

33. Defendants failed to provide Mr. Lalousis with weekly records of his compensation and hours worked, in violation of the Wage Theft Prevention Act.

34. Upon information and belief, throughout the period of Mr. Lalousis' employment, both before that time (throughout the Collective Action Period) and continuing until today, Defendants have likewise employed other individuals like Mr. Lalousis (the Collective Action Members) in positions at Defendants' business that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

35. Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime.

36. Upon information and belief, Defendants have failed to pay these other individuals at a rate at least equal to the minimum wage, in violation of the FLSA and the New York Labor Law.

37. Upon information and belief, these other individuals have worked in excess of forty hours per week yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

38. Upon information and belief, these other individuals were not paid a "spread of hours" premium on days when they worked shifts lasting in excess of ten hours from start to finish.

39. Upon information and belief, these other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

40. Defendants' policy of paying Mr. Lalousis and these other individuals on a weekly basis rather than on an hourly basis violated 12 N.Y.C.R.R. § 146-2.5.

41. Upon information and belief, while Defendants employed Mr. Lalousis and the Collective Action members, and through all relevant time periods, Defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

42. Upon information and belief, while Defendants employed Mr. Lalousis and the Collective Action members, and through all relevant time periods, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

**FIRST CLAIM FOR RELIEF**
**(Fair Labor Standards Act – Overtime Violations, 29 U.S.C. §§ 201 et seq. Brought by Plaintiffs and on Behalf of Themselves and the FLSA Collective Plaintiffs)**

43. Plaintiff, on behalf of himself and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

44. At all relevant times, defendants employed Mr. Lalousis and each of the Collective Action Members within the meaning of the FLSA.

45. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

46. As a result of Defendants' willful failure to compensate their employees, including Mr. Lalousis and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

47. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

48. Due to Defendants' FLSA violations, Mr. Lalousis and the Collective Action Members are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

49. Defendants willfully violated Mr. Lalousis' rights by failing to pay him overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New

York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

50. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

51. Due to Defendants' New York Labor Law violations, Mr. Lalousis is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## SECOND CLAIM FOR RELIEF
### (New York Spread-of-Hour pay 12 NYCRR § 142-2.4)

52. Plaintiff, on behalf of himself and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

53. At all relevant times, Mr. Lalousis was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

54. Defendants willfully violated Mr. Lalousis' rights by failing to pay him an additional hour's pay at the minimum wage for each day he worked shifts lasting in excess of 10 hours from start to finish, in violation of the New York Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R. § 146-1.6.

55. Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

56. Due to Defendants' New York Labor Law violations, Mr. Lalousis is entitled to recover from Defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

### THIRD CLAIM FOR RELIEF
### (New York Labor Law – Wage Theft Prevention Act)

57. Plaintiff, on behalf of himself and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

58. At all relevant times, Mr. Lalousis was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

59. Defendants willfully violated Mr. Lalousis' rights by failing to provide him with the wage notice required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

60. Defendants willfully violated Mr. Lalousis' rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

61. Due to Defendants' New York Labor Law violations relating to the failure to provide paystubs, Mr. Lalousis is entitled to recover from the Defendants' statutory damages of $250.00 per day throughout his employment, up to the maximum statutory damages.

62. Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Mr. Lalousis is entitled to recover from the Defendants'

statutory damages of $50.00 per day throughout his employment, up to the maximum statutory damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Mr. Lalousis and his counsel to represent the Collective Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e. An award of liquidated damages as a result of Defendants' willful failure to pay the statutory overtime compensation pursuant to 29 U.S.C. § 216;

f. Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

g. Liquidated damages for Defendants' New York Labor Law violations;

h. Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

i. Back pay;

j. Punitive damages;

k. An award of prejudgment and postjudgment interest;

l. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m. Such other, further, and different relief as this Court deems just and proper.

Dated: September 18, 2020
     Astoria, New York

SACCO & FILLAS, LLP

By: /s/ Patricia Rose Lynvh
Patricia Rose Lynch, Esq.
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
Tel: 718-269-2240
Email: Plynch@saccofillas.com

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself and others similarly situated, hereby demands a jury trial on all causes of action and claims with respect to which they have a right to a jury trial.